UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KISS K-CAMELA TREBBLES,

        Plaintiff,

    -v-                                      10-CV-6051T
                                              **ORDER**

CHARLIE SHUMWAY and
CHARLA M. BUCKNER,

        Defendants.

---

KISS C-KAMELA TREBBLES,

        Plaintiff,

    -v-                                      10-CV-6053T
                                              **ORDER**

MAGGIE BROOKS, KELLY A. REED
KAREN SYRKIN, KEBA MANOR
and SHARON JOHNSON

        Defendants.

---

KISS C-KAMELA TREBBLES,

        Plaintiff,

    -v-                                      10-CV-6062T
                                              **ORDER**

GIA BOERSEMA and KIM EBERT,

        Defendants.

---

## **INTRODUCTION**

    Plaintiff Kiss Trebbles has filed the above three pro se actions. In the first, plaintiff seeks relief for slander, libel and fraud (10-CV-6051T, Docket #1); in the second she seeks relief

for libel, personal injury, housing accommodations, fraud and "Rackeeteer Influenced and Corrupt Organizations" (10-CV-6053T, Docket #1) and in the third she seeks relief for "Civil Rights" (10-CV-6-62T, Docket # 1). Plaintiff has requested <u>in forma pauperis</u> status in each case pursuant to 28 U.S.C. § 1915(a) and has met the statutory requirements. Plaintiff's complaints have been reviewed by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria.

## **DISCUSSION**

Based on the Court's review, and as discussed below, plaintiff's complaints are completely lacking in federal jurisdiction. For that reason, they must be dismissed. However, because plaintiff has filed five actions in less than two months, all of which were either frivolous, lacking in federal jurisdiction, or failing to state a claim, the Court must consider sanctions to prevent plaintiff from abusing her ability to file actions <u>in forma pauperis</u>.

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed <u>in forma pauperis</u>. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which <u>in forma pauperis</u> status has been granted if the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

2

defendant who is immune from such relief. In addition, "[it] is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted). Moreover, "[w]here jurisdiction is lacking, ... dismissal is mandatory." Id.; see also Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); and see Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007) (internal quotation marks and citation omitted); see also Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in pro se cases after Twombly). "A document filed pro se is to be liberally construed, ..., and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson, 551 U.S. at 94 (internal quotation marks and citations omitted).

Generally, the Court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed for lack of federal jurisdiction. In addition, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). Plaintiff's complaint falls into the category wherein amendment would be futile, and, therefore, no amendment will be allowed. Plaintiff's remaining motions are denied.

4

The same statute that allows a litigant to commence a civil or criminal action in federal court <u>in forma pauperis</u> "authorizes federal courts to dismiss a claim filed <u>in forma pauperis</u> 'if satisfied that the action is frivolous or malicious.'" <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

<u>Id</u>. at 327-28, 1833 (citations omitted).

In plaintiff's first action, she alleges fraud and libel for reason that are not clear. For factual allegations, plaintiff merely repeats, verbatim, sections of apparent collections letters dealing with outstanding school loans incurred for her attendance at the Continental School of Beauty. Plaintiff also attaches various documents from the Continental School of Beauty and their

5

collection agents, that appear to indicate that the balance due the school is because plaintiff either was terminated from, or withdrew from, the school prior to finishing a program. Nothing in the excerpts from letters plaintiff included in the allegations sections of the Complaints, nor the papers attached, indicates either a Fair Debt Collection Practices Act claim, or any other claim that would give this Court jurisdiction.

In the second action, plaintiff sues the Monroe County Executive and other officials of the County Department of Social Services for libel, personal injury, housing accommodations, fraud and "Rackeeteer Influenced and Corrupt Organizations." Her factual allegations, however, contend that her room at her shelter was entered and her wallet was stolen with all of her belongings. She states the federal basis for the claim as "housing, personal injury" and the relief she seeks is money and to be "relieved from the YWCA shelter forever and it's employees." Plaintiff does not explain any basis for federal jurisdiction over this claim, and the Court does not find any. The second claim alleges plaintiff was "put out of emergency housing with force and intimidation". However, plaintiff attached to the complaint the decision of the State Office of Temporary and Disability Assistance Fair Hearing. The decision states that plaintiff asked for a fair hearing and was continued on temporary assistance pending the hearing, but that she had left the YWCA Shelter for other reasons and did not want to

6

return.  Therefore, it does not appear that there remains a dispute over which this Court has jurisdiction.

The third action appears to be a supplement to the complaint plaintiff brought against the employees of the same YWCA shelter in 09-CV-6656T, and which was dismissed as factually frivolous under 28 U.S.C. § 1915(e).[1]  In fact, plaintiff refers to that dismissed case in support of her allegations of retaliation against the shelter employees.  See 09-CV-6656T, and 10-CV-6004T, which include some of the same allegations of the harassment by Shelter employees and the failure of various people, including the police officers, to cooperate in her filing of the police report about the alleged harassment.  Based on the papers attached by plaintiff to the complaint, she appears to have moved from the emergency shelter section of the YWCA into the more permanent housing section of the YWCA.  Plaintiff also attaches a document regarding the ongoing conflict regarding the television in the common area of the housing.  Plaintiff included this claim in her previous actions, alleging that due to a conflict with other residents, staff would harass her by changing the channel on the television while she was watching another channel.  Nothing here rises to the level of a claim alleging federal jurisdiction.  It certainly does not state a claim under the Fair Housing Act as plaintiff asserts in her complaint.

---

[1]10-CV-6004 was dismissed that same day as frivolous.

While the usual practice is to allow leave to replead a deficient complaint, see Fed.R.Civ.P. 15(a); see also Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted pro se, Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile.  Because amendment in this case would be futile, I deny plaintiff the opportunity to amend her Complaints in these actions.  Plaintiff's remaining motions are denied.

**Sanctions**

Plaintiff has filed five actions in less than two months, all of which were either, frivolous, lacking in federal jurisdiction, or failing to state a claim.  The Court must consider sanctions to prevent plaintiff from abusing her ability to file actions in forma pauperis.  The Court notes that plaintiff previously had two actions dismissed in this Court as frivolous filings (09-CV-6656T and 10-CV-6004T).  Those actions did not state a claim and appeared to lack federal court jurisdiction, as do the other actions currently pending in this Court.  Plaintiff is cautioned that the Court will not tolerate the filing of repeated actions for claims over which the court has no jurisdiction, or which are frivolous or filed for an improper purpose.  Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a *pro se* litigant who violates Rule 11(b).  *See* Jones v. City of Buffalo,

1998 WL 214807, *3, *4 (W.D.N.Y. April 22, 1998).[2] If plaintiff continues to file frivolous and duplicative actions in this Court, plaintiff may be precluded from filing any further actions of any type in this Court without first obtaining permission from the Court. See DePonceau v. Bush, 2004 WL 1574621, at *3 (W.D.N.Y. June 4, 2004).

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's requests to proceed in forma pauperis are granted and, for the reasons discussed above, the complaints are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and (ii). Plaintiff's remaining motions are denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be

---

[2] Sanctions under Rule 11 of the Federal Rules of Civil Procedure may be imposed upon a pro se litigant who continues to file frivolous or baseless claims and petitions. Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); DePonceau, 2004 WL 1574621, at *3; Young v. Corbin, 889 F. Supp. 582 (N.D.N.Y. 1995). The Supreme Court has stated that "the central purpose of Rule 11 is to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (citation omitted); see also Williams v. Revlon Co., 156 F.R.D. 39, 43 (S.D.N.Y. 1994) (The purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.") (citations omitted).

directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's requests to proceed <u>in forma pauperis</u> are granted;

FURTHER, that the complaints are dismissed with prejudice; and

FURTHER, that Plaintiff's remaining motions are denied; and

FURTHER, that leave to appeal to the Second Circuit Court of Appeals as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: February 12, 2010
Rochester, New York